UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KALAN INA FREIDHOFF,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 3:26-cv-05119-DGE<br><br>ORDER AFFIRMING THE ALJ'S FINAL DECISION |

Plaintiff seeks review of the denial of her application for a period of disability and disability insurance benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred in discounting testimony by Plaintiff and her physician that leg elevation was required to treat Plaintiff's diabetic foot ulcers. For the reasons discussed herein, the Court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

## I BACKGROUND

Plaintiff filed her application for disability insurance benefits on November 17, 2022. (Administrative Record ("AR") at 17.) Plaintiff's application was denied initially and on

reconsideration. (AR 17.) Plaintiff's requested hearing was held before the ALJ on February 12, 2025. (AR 17.) On February 27, 2026, the ALJ issued an order finding Plaintiff was not disabled pursuant to the Social Security Act, section 1614(a)(3)(A). (AR 17.)

Using the five-step disability evaluation, the ALJ found Plaintiff not disabled at step four. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 17, 2022. (AR 19.) At step two, the ALJ found Plaintiff has the following severe impairments: anxiety disorder, depressive disorder, trauma-related disorder, diabetes mellitus II with diabetic ulcers, and peripheral neuropathy. (AR 19.) At step three, the ALJ found these impairments do not meet or equal a listed impairment. (AR 20.) The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform "light work" and she "can stand and walk 4 hours in an 8 hour day, and sit for 6 or more hours in an 8 hour day;" "can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds;" "can tolerate occasionally exposure to extreme cold, and to vibration" but not "workplace hazards such as unprotected heights and exposed, moving machinery;" "can perform simple, routine tasks, and can tolerate occasional contract with coworkers" but "cannot engage in activities that require close collaboration with coworkers" or "direct, interactive contact with the general public;" and "can tolerate occasional changes to work routines and work processes" provided "regular work breaks at 2-hour intervals." (AR 22.) In considering Plaintiff's symptoms, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but "that her "statements concerning the intensity, persistence and limiting effects of these systems are not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 23.) The ALJ also concluded, based on the "medical evidence, the objective findings of this case fail to provide strong support for the claimant's allegations of

disabling symptoms and limitations." (AR 23.) At step four, the ALJ found "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including router and collator operator. (AR 31.)[1]

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (AR 2–3.) On February 17, 2026, Plaintiff filed a complaint in this Court. (Dkt. No. 3.) Plaintiff moves for this Court to remand this matter for an award of benefits. (*Id*. at 4.) Defendant responds that the ALJ's decision "is supported by substantial evidence and free of reversible legal error" and should be affirmed in full. (Dkt. No. 11 at 1.) Plaintiff did not submit a reply.

## II LEGAL STANDARD

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, an ALJ's decision will not be reversed on account of an error that is harmless. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## III ANALYSIS

Plaintiff and her primary care provider, Justin Taylor, ND, both opined that Plaintiff required her leg to be elevated to waist level for four to six hours of an eight-hour workday. (AR

[1] Having found Plaintiff not disabled at step four, the ALJ did not consider step five. (AR 19) (only "[i]f the claimant is unable to do any past relevant work or does not have any past relevant work, [does] the analysis proceed[] to the fifth and last step.").

59, 866.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 23.) As to the toe ulcers specifically, the ALJ concluded,

> While the claimant's testimony alleges needing to elevate her legs much of the day, and Dr. Taylor (a naturopathic doctor) endorsed leg elevation, there are few references to that in the other medical evidence of record. It is also notable that neither the claimant nor the third party indicated leg elevation in either function report. It does not seem plausible that neither would include it if in fact the claimant spent 6 of 8 hours each day with her leg elevated. Such inconsistencies undermine the reliability of the claimant's self-report of symptoms and limitations.

(AR 27.) The ALJ also identified that Dr. Taylor "states agreement with [the] limitations in a form prepared by an attorney, but no additional explanation is given as support" and further identified his opinions were not supported by the treatment records. (AR 28.)

Plaintiff now argues that "as long as the ulcers are present, standard treatment of those ulcers requires leg elevation[.]" (Dkt. No. 9 at 2.) Plaintiff cites a single article in support of this proposition. (*Id*. at 2–3.) Plaintiff further challenges the ALJ's rejection of her testimony and her physician's opinions due to a lack of corroborating medical record evidence by theorizing that "[p]erhaps" the lack of references in the medical record to foot elevation is "because it is standard, common sense protocol that a diabetic open wound requires leg elevation[.]" (*Id*. at 3.)

Plaintiff cites to no evidence in the record indicating it is standard treatment or common sense that individuals with foot ulcers must elevate their affected foot four to six hours of the eight-hour workday. Plaintiff's citation to an article outside the record that discusses elevation for a single sentence is unavailing. Plaintiff also does not address the ALJ's explanation that her failure to address her need for leg elevation in the function reports discredits her claim. Finally,

because Plaintiff does not address the arguments made by Defendant in their response, the Court finds these arguments persuasive.

Accordingly, there is no basis to conclude the ALJ erred in rejecting Plaintiff and her medical provider's testimony that leg elevation was required. Plaintiff's appeal is based purely on her assertions that it is common sense or standard treatment for diabetic foot ulcers to require four-to-six hours of leg elevation per eight-hour workday.[2] Without more, the Court finds this argument insufficient to reverse the ALJ's decision.

## IV CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

Dated this 1st day of September, 2026.



David G. Estudillo
United States District Judge

[2] Plaintiff also argues the ALJ improperly relied on the silence of two other providers to find leg elevation unnecessary. (Dkt. No. 9 at 3.) Plaintiff argues these two other providers may have "believed that the ulcers would not persist." (*Id.*) However, because Plaintiff fails to identify that even persistent ulcers would require four-to-six hours of leg elevation per eight-hour workday, the Court does not consider this argument further.